UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER G. BROOKS #251955,

    Petitioner,

v.                                              Case No. 2:07-cv-70
                                                  HON. ROBERT HOLMES BELL

GREG MCQUIGGIN,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

        Petitioner filed this petition for writ of habeas corpus, challenging the loss of five days of disciplinary credits as a result of a major misconduct. Upon a review of the petition, it appears to the undersigned that petitioner has not exhausted his available state court remedies. Therefore, in accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I recommend that the petition be dismissed for lack of exhaustion as required by 28 U.S.C. § 2254.

        A petitioner in a federal habeas corpus proceeding is required to exhaust his available state remedies, except when there is an absence of available state corrective process, or the existence of circumstances renders such process ineffective to protect the rights of the prisoner. 28 U.S.C. § 2254(b) and (c).

        In *Rose v. Lundy*, 455 U.S. 509 (1982), the Supreme Court held that a District Court must dismiss a habeas corpus petition containing unexhausted claims if state remedies remain available. The Sixth Circuit has also indicated that this court must dismiss a petition for habeas corpus relief where that petition contains unexhausted claims. *See Boggs v. Evitts*, 818 F.2d 534 (6th

Cir. 1987). However, exhaustion is not jurisdictional. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). As a prudential rule, exhaustion is required unless "special circumstances" exist. *Id.* at 134-136. *See also Hafley v. Sowders*, 902 F.2d 480 (6th Cir. 1990); *Weaver v. Foltz*, 888 F.2d 1097 (6th Cir. 1989).[1] In the opinion of the undersigned, such "special circumstances" do not exist in the instant action and therefore exhaustion of available state remedies should be required.

The question remains whether there are state remedies still available to the petitioner. Under MDOC policy and state law, petitioner's remedies included a request for rehearing and then a series of discretionary appeals in the state courts. See M.C.L. 791.254, et seq.; M.S.A. 28.2320(54), et seq.; Michigan Ad. Rule R 791.3320; MDOC Policy Directive 03.03.105(X)-(AA) (Eff. 1/1/99). Petitioner filed a motion for rehearing, which was denied on May 25, 2006. However, Petitioner states that he did not file an appeal because he could not afford to pay a filing fee. However, Petitioner does not show that he even attempted to file an appeal, nor does he specify the dates that any such actions occurred. Where a state prisoner raises a claim for the first time in a petition for federal habeas corpus, and it has not yet been presented to the state courts, but review of that claim is available in a state proceeding, the state proceeding should first be exhausted before federal review is granted. In the opinion of the undersigned, such circumstances exist here.

Because it appears that petitioner has not exhausted his available state court remedies, I recommend that the petition be dismissed.

---

[1] It has been suggested that the holding in *Granberry* can be read as giving only *appellate* courts discretion to reach the merits of claims presented in mixed petitions. *See for example*, *Ybarra v. Sumner*, 678 F. Supp. 1480 (D. Nev. 1988). *Cf. Plunkett v. Johnson*, 828 F.2d 954, 956 (2d Cir. 1987); *Campas v. Zimmerman*, 876 F.2d 318, 323 (3d Cir. 1989) (dicta). Without analysis, the Sixth Circuit recently remarked that the district courts have the discretion to excuse exhaustion where the federal claim is plainly meritless and it would be a waste of time and judicial resources to require exhaustion. *Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991) (*citing Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987)), *cert. denied*, 503 U.S. 922 (1992). Likewise a federal habeas court need not require that a federal claim be first presented to the state courts if it is clear that the state courts would hold the claim procedurally barred or efforts to exhaust would otherwise be futile. *See e.g. Harris v. Reed*, 489 U.S. 255, 263, n.9 (1989).

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3. Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   May 21, 2007