UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER G. BROOKS,

       Petitioner,

                           Case No.  2:07-CV-70

v.

                           HON. ROBERT HOLMES BELL

GREGORY McQUIGGIN,

       Respondent.
                                     /

**ORDER DECLINING TO ADOPT**
**REPORT AND RECOMMENDATION**

       This matter is before the Court on Petitioner Christopher G. Brooks' objections to the Magistrate Judge's May 21, 2007, Report and Recommendation ("R&R").  The R&R recommended that Petitioner's § 2254 petition for writ of habeas corpus be dismissed for failure to exhaust available state court remedies.  This Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objections have been made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

       Petitioner objects to dismissal of his § 2254 petition because he contends that state court remedies are no longer available to him.  Although Petitioner stated in his § 2254 petition that he did not file an appeal, Petitioner now explains, in a newly filed affidavit, that on June 30, 2006, he attempted to appeal the major misconduct by filing a petition for judicial review and a motion to waive fees and costs with the Ingham County Circuit Court.  (Brooks Aff. ¶ 2.)  Petitioner states that during the month of July his petition was returned

to him together with an order requiring him to pay a partial filing fee of $9.39 within 21 days with his petition or his case would not be filed. (*Id.* at ¶ 3.) Petitioner states that he no longer has the court order and does not know the date the order was issued. (*Id.*) Petitioner states that because he could not pay the filing fee, his petition was not filed. (*Id.* at ¶ 4.) Petitioner accordingly contends that he did in fact attempt to exhaust his state court remedies but was unable to do so due to his indigent status. (*Id.* at ¶ 5.) Petitioner also notes in his objections that it would have been useless to initiate an appeal or a new civil action because he has two outstanding filing fee obligations in the Michigan courts, and Michigan precludes a prisoner who has failed to pay outstanding fees and costs to commence a new civil action or appeal until the outstanding fees and costs have been paid. M.C.L. § 600.2963(8).

Petitioner's affidavit is new evidence that was not available for consideration by the Magistrate Judge. This new evidence makes it appear, at least for purposes of the initial screening, that Petitioner may have adequately exhausted his available state court remedies. Accordingly,

**IT IS HEREBY ORDERED** that the Court **DECLINES TO ADOPT** the Report and Recommendation.

**IT IS FURTHER ORDERED** that this file will be referred back to the Magistrate Judge for an order of service.

Date:     September 17, 2007            /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         CHIEF UNITED STATES DISTRICT JUDGE