UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


CHRISTOPHER G. BROOKS,

       Petitioner,

v.                                                     Case No. 2:07-cv-70
                                                     HON. ROBERT HOLMES BELL
GREGORY MCQUIGGIN,

       Respondent.
_____/


## REPORT AND RECOMMENDATION

Petitioner Gregory McQuiggin filed this petition for writ of habeas corpus challenging the validity of his misconduct conviction for threatening behavior. Petitioner was found guilty after a hearing on August 8, 2005, and given 20 days loss of privileges. Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner has raised the following issues;

I. The guilty finding was not supported by sufficient evidence; and

II. The Hearing Administrator's decision is in violation of the due
process clause of the Fourteenth Amendment.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id*. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. A federal habeas court may not find

a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Respondent argues that petitioner procedurally defaulted these issues because he did not properly exhaust them in the state courts and no longer has a procedure available. Respondent further argues that the claims should be dismissed because petitioner is not in custody for the misconduct violation because only a loss of privileges was imposed as a result of the findings. The court previously addressed the exhaustion issue and respondent has not provided the court with any

additional information regarding exhaustion. Therefore, it is recommended that the Court find the exhaustion issue without merit.

Habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement. *Preiser v. Rodriquez,* 411 U.S. 475, 500 (1973). Whereas, 42 U.S.C. § 1983 is used to constitutionally challenge the terms and conditions of confinement. *Id.* The misconduct guilty finding resulted only in loss of privileges and does not have a direct effect on the duration of petitioner's confinement. Loss of privileges is simply the loss of out-of-cell activity.

> It is well established that a prisoner cannot challenge the loss of such privileges by way of a habeas corpus petition under 28 U.S.C. § 2241 (" § 2241"). A "challenge [to] disciplinary procedures having only a speculative or incidental effect on the length of [prisoner's] sentence" is not "close to the core of habeas corpus" and cannot be raised under § 2241. *See Sisk v. CSO Branch,* 974 F.2d 116, 117-18 (9th Cir.1992); *see also Georgevich v. Strauss,* 772 F.2d 1078, 1087 (3d Cir.1985) (en banc) (suspension of telephone, visitation and commissary privileges for one year).

*Homen v. Hasty*, 229 F. Supp. 2d 290, 295 (SD NY 2002).

Furthermore, in the opinion of the undersigned, petitioner is not entitled to habeas relief because his misconduct hearing did not violate the constitution. A federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). Under Michigan law a prisoner is entitled to notice of a hearing, and the opportunity to present evidence and arguments. M.C.L. § 791.252. A hearing officer is not bound by state or federal evidentiary rules, but rather may consider "evidence of the type commonly relied upon by reasonably prudent persons in the conduct of their affairs." *Id.* Further, a hearing officer may deny a prisoner access to evidence that may pose a security concern if disclosed. *Id.* Petitioner has failed to show that his constitutional rights were violated at his misconduct hearing.

Moreover, the hearing officer's conclusion that petitioner was guilty of the misconduct charge was supported by the record.

> Prisoner says that Librarian Bouchard did not have a problem with him, which is supported by the Librarian Bouchard, although the librarian notes that prisoner had signed a petition against him. That the librarian did not have a problem with prisoner does not prove or disprove the charge. The officer describes convincingly that he was 4-5 feet away from prisoner when prisoner said to another prisoner, "I'm gonna get that Bouchard when I get the chance. Oh yeah. I'm gonna get him real good. One of these days when no one's around, he's going down for good." Prisoner's words expressed an intent to injure or physically abuse another person. It is unlikely that the officer misheard prisoner as, he was quite close to prisoner, who had just left the law library where Librarian Bouchard was. Prisoner claims that the officer mis-identified prisoner, but the officer describes that he identified prisoner by previous contact in working various positions, so it is unlikely that the officer mis-identified prisoner.

It is clear that petitioner received due process of law, and that he cannot support any claim that his constitutional rights were violated during the misconduct hearing. Prison inmates subject to serious disciplinary action are entitled to (1) 24 hours advance written notice of the charges; (2) an opportunity to appear at a hearing, to call witnesses, and present rebuttal evidence when permitting the inmate to do so will not be unduly hazardous to institutional safety; and (3) a written statement by the factfinders as to the evidence relied upon for their decision which includes a statement as to the reasons for the decision. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). If the prisoner received these procedural protections, and if there were "some facts" to support the decision of the hearings officer, then the prisoner received all the process to which he was due. *Superintendent of Massachusetts Institute, Walpole v. Hill*, 472 U.S. 445 (1985). Petitioner has failed to show that his constitutional rights were denied by the hearing officer or decision to uphold the hearing officer's findings.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

                    /s/ Timothy P. Greeley
                    TIMOTHY P. GREELEY
                    UNITED STATES MAGISTRATE JUDGE

Dated: November 2, 2009