UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER G. BROOKS,

        Petitioner,

v.

        Case No. 2:07-CV-70

        HON. ROBERT HOLMES BELL

GREGORY MCQUIGGIN,

        Respondent.
                                /

**ORDER APPROVING AND ADOPTING
REPORT AND RECOMMENDATION AND
<u>DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>**

On November 2, 2009, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Petitioner's § 2254 petition for writ of habeas corpus be denied. (Dkt. No. 25.) Petitioner filed objections to the R&R on November 23, 2009. Dkt. No. 28.)

This Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). Although the Magistrate Judge's R&R is reviewed *de novo*, this Court must review the state court

proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner contends that his insufficient evidence issue must be granted because the Respondent did not object to this argument and Magistrate Judge had no basis for ruling that the guilty finding was supported by the evidence. He also contends he is entitled to discovery and an evidentiary hearing.

Petitioner's objections lacks merit. First, contrary to Petitioner's assertions, the sufficiency of the evidence is raised in Petitioner's petition and Respondent's pleadings cannot be construed as an admission that the evidence was not sufficient.

Second, Petitioner has not challenged the Magistrate Judge's primary finding that Petitioner is not entitled to habeas relief because he is not attacking the validity of the fact or length of his confinement. *See Soto v. Birkett*, No. 05-CV-72439-DT, 2006 WL 1851259, at *2 (E.D. Mich. June 30, 2006) ("[A] prisoner cannot challenge the loss of privileges in a federal habeas action, because the loss of such privileges has only a 'speculative or incidental effect' on the length of a prisoner's sentence and are not 'close to the core of habeas corpus.'").

Third, the Court is not persuaded by Petitioner's contention that he needed discovery regarding the loss of good-time credits that he was unable to present in the state court because of his indigency. Habeas petitioners have no right to automatic discovery. *Johnson v. Mitchell*, 585 F.3d 923, 934 (6th Cir. 2009). The facts of record reflect that the misconduct guilty finding resulted only in a 20-day loss of privileges, and Petitioner has not

alleged sufficient facts to warrant further discovery on this issue.

Fourth, the Court is not persuaded by Petitioner's objection that he needs an evidentiary hearing so that he can prove that the allegations against him did not establish threatening behavior. Habeas petitioners have no inherent right to an evidentiary hearing. *Johnson*, 585 F.3d at 934. In fact, if a habeas petitioner has failed to develop the factual basis of a claim in state court proceedings, the district court cannot hold an evidentiary hearing on the claim except under limited circumstances not present here. 28 U.S.C. § 2254(e)(2). Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 28) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the November 2, 2009, R&R (Dkt. No. 25) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated: January 26, 2010        /s/ Robert Holmes Bell
                               ROBERT HOLMES BELL
                               UNITED STATES DISTRICT JUDGE